UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>D. BLACKWELL, et al.,<br><br>Defendants. | No. 2:17-cv-2692 JAM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 3. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed a motion for clarification. ECF No. 6.

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and plaintiff's motion for clarification will be denied as moot. Plaintiff will also be given the opportunity to amend the complaint.

I.    IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 3. Accordingly, the request to proceed in forma pauperis will be granted.

////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in

question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. APPLICABLE LAW

    A. Rule 8: Short and Plain Statement Requirement

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

    B. Rule 20: Same Transaction or Occurrence Requirement

Rule 20 of the Federal Rules of Civil Procedure governs the joinder of persons to a suit. With respect to defendants, it permits their joinder into one action when the right to relief arises out of the same transaction or occurrence, or out of a series of transactions or occurrences. See Fed. R. Civ. P. 20(a)(2)(A). In addition, common questions of law or fact must be present. See Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

    C. Conclusory Allegations Prohibited

A court is obligated to liberally construe the pleadings of pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers). However, vague and conclusory allegations concerning

the involvement of official personnel in civil rights violations are not sufficient to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

IV. PLAINTIFF'S COMPLAINT

Plaintiff names seventeen individuals and fifteen Does as defendants in this action. ECF No. 1 at 3-4. The complaint is a winding, unfocused, narrative of over twenty pages that attaches over 125 pages of exhibits. See generally id. It is not filed on the court's civil rights complaint form, and as a result, it does not provide key information related to the administrative history of each of plaintiff's claims. See generally id.

Within the complaint, plaintiff requests injunctive relief related to the transportation of prisoners to their court appearances by unspecified defendants. See id. at 13-14. Plaintiff also raises ten First and Eighth Amendment claims against Does and named defendants alike, claims which stem from very different, unrelated incidents that appear to have occurred at different times. See id. at 14-17 (raising claims related to retaliation, denial of access to law library, disruption to programming, improper transfer, improper custody classification, deprivation of lower bunk access, improper removal from job, etc.). Many of the claims are vague and conclusory and provide little, if any, factual detail. See generally id. at 14-17.

In addition, plaintiff raises five tort claims primarily under California law that relate to negligent infliction of emotional distress. See generally id. at 18-19. These claims, although loosely related to plaintiff's federal claims, are also vague and conclusory and also appear to stem from different, unrelated incidents that occurred at different times. See id. at 18-19 (alleging improper transfer to maximum security, violation of state regulations regarding access to courts, provision of medically necessary care, use of appeals process, etc.).

////
////
////
////
////
////

4

## V. DISCUSSION

### A. Plaintiff's Motion for Clarification

Plaintiff's motion for clarification, filed May 30, 2019, asserts that the screening order should have already been issued in this case.[1] As a result, plaintiff seeks "clarification" regarding the reason for the delay. See ECF No. 6 at 1.

Given that this order serves to screen plaintiff's complaint, the motion for clarification is moot. Therefore, it shall be denied as such.

### B. Plaintiff's Complaint

This complaint must be dismissed with leave to amend for several reasons. First, as a 150-page pleading it can hardly be considered a "short and plain statement" of plaintiff's claims as Rule 8 requires. See Fed. R. Civ. P. 8(a)(2). Indeed, Rule 8 has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010).

Next, the complaint improperly joins multiple defendants, both named and unnamed, in several claims that do not arise out of the same transactions or occurrences. The claims do not appear to involve common questions of law or fact. This violates Rule 20 of the Federal Rules and as well as federal case law. See Fed. R. Civ. P. 20(a)(2)(A); see also Coughlin, 130 F.3d at 1351.

Finally, many of the claims are vague and conclusory. For example, several claims allege retaliation in violation of plaintiff's First Amendment rights. See, e.g., ECF No. 1 at 14-15 (alleging retaliatory classification change due to successful litigation of court case and retaliatory denial of lower bunk due to filing of civil rights action). However, few facts are identified in relation to the individual claims. A ten-page recitation of facts precedes plaintiff's listing of his claims (see id. at 3-12), but the complaint does not link specific facts to specific causes of action. It is not the court's job to identify the factual bases of plaintiff's individual claims, and the court

---

[1] Plaintiff's complaint was filed on December 26, 2017. ECF No. 1.

has neither the time nor the inclination to do so given that the Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.[2]

While the court is obligated to construe plaintiff's complaint liberally, plaintiff's pro se status does not excuse him of his obligation to follow court rules. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). Plaintiff's complaint fails to follow many of the court's rules. Consequently, the court shall dismiss it with leave to amend. The Clerk of Court shall be directed to send plaintiff a copy of the court's complaint form.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff a copy of the court's Civil Rights Complaint By A Prisoner form;

2. Plaintiff's motion to proceed in forma pauperis, filed January 4, 2018 (ECF No. 3), is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's motion for clarification (ECF No. 6) is DENIED as moot;

5. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend, and

6. Within thirty days of the date of this order, plaintiff shall file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

DATED: July 8, 2019.

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] See Office of the Clerk, United States District Court, Eastern District of California, 2017 Annual Report, "Workload Statistics," p. 27 (2017) ("Our weighted caseload far exceeds the national average . . . ranking us 4th in the nation and 1st in the Ninth Circuit.").

6