1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL AARON WITKIN,                        No.  2:17-cv-2692 JAM AC P

12                    Plaintiff,

13            v.                                   ORDER

14    D. BLACKWELL, et al.,

15                    Defendants.

16

17            Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

18    rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to this court

19    pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20            Before this court for screening is plaintiff's first amended complaint.  See ECF No. 12.

21    For the reasons stated below, the court will give plaintiff a final opportunity to amend his

22    complaint.

23    I.      RELEVANT PROCEDURAL HISTORY

24            On July 8, 2019, plaintiff's original complaint was screened by this court.  See ECF No. 7.

25    The complaint was 150 pages in length including attachments.  See generally ECF No. 1.  It was

26    not filed on the court's Civil Rights Complaint By A Prisoner form.  Instead, it was filed on plain

27    paper.  See generally id.

28    ////

                                                      1

1    One screening, the court found that the complaint: (1) did not present short and plain

2    statements of plaintiff's claims in violation of Federal Rule of Civil Procedure 8(a)(2); (2) had

3    conflated several different, unrelated events that had not arisen out of the same transaction or

4    occurrence, in violation Federal Rule of Civil Procedure 20; and (3) presented a number of vague

5    and conclusory claims. See generally ECF No. 7. The court also noted that plaintiff had listed a

6    number of John Does as defendants and had failed to tie specific actions and violations of right to

7    specifically named defendants. See id. at 5-6.

8        Because of these deficiencies, plaintiff's original complaint was dismissed with leave to

9    amend. See ECF No. 7 at 6. At that time, the Clerk of Court was directed to send plaintiff a copy

10   of this court's civil rights complaint form. See id. at 6.

11   II.    PLAINTIFF'S FIRST AMENDED COMPLAINT

12       On September 5, 2019, plaintiff filed the instant first amended complaint. ECF No. 12.

13   The complaint, which is twenty-seven pages in length with no attachments, suffers from the same

14   deficiencies as the original complaint despite its reduced volume. Compare ECF No. 1, with ECF

15   No. 12. Moreover, instead of filling out in its entirety and returning the civil rights complaint

16   form that had been sent to him, plaintiff has simply sandwiched his free-form, meandering and

17   unfocused brief in between the first and last pages of the civil rights form that he should have

18   completed. See generally ECF No. 12. As a result, not only has plaintiff failed to provide the

19   court with information that it needs to be able to assess the viability of his case, he has provided a

20   second pleading that fails to provide "short and plain statement[s]" of his claims showing that he

21   is entitled to relief. See Fed. R. Civ. P. 8(a)(2).

22   III.   DISCUSSION

23       The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d

24   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

25   heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

26   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

27   set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

28   ////

2

1  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

2  which was adopted to focus litigation on the merits of a claim."); see also Fed. R. Civ. P. 8(a)(2).

3       With thirteen named defendants, fifteen John Doe defendants, fourteen claims,[1] and

4  twenty-three pages of rambling facts, it cannot be said that plaintiff's first amended complaint

5  consists of "short and plain statement[s]" which demonstrate that he is entitled to relief.  See

6  generally Fed. R. Civ. P. 8(a)(2).  For this reason, the court will give plaintiff a **final** opportunity

7  to file an amended complaint.  Should he choose to do so, the pleading must be filed on the

8  court's Civil Rights Complaint By A Prisoner form, and the form must be filled out in its entirety.

9  Filling out the form should enable plaintiff to streamline his claims significantly.

10       When filing the second amended complaint, plaintiff must eliminate all preambles,

11  introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to

12  negate possible defenses, summaries, and the like from his pleading.  McHenry v. Renne, 84 F.3d

13  1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after

14  warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application

15  of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  **The court (and**

16  **defendants) should be able to read and understand his pleading within minutes.**  McHenry,

17  84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained,

18  tenuous or implausible connection to the alleged constitutional injury or joining a series of

19  unrelated claims against many defendants will likely result in delaying the review required by 28

20  U.S.C. § 1915 or an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation

21  of these instructions.

22  IV.    OPTIONAL LEAVE TO AMEND

23       Plaintiff is being given a final opportunity to amend the complaint.  If plaintiff chooses to

24  file a second amended complaint, it will take the place of the original complaint.  See Lacey v.

25  ////

---

26 27 28  [1] Plaintiff's claims range from the denial of his access to courts due to a move from one prison to another in October 2016, to deliberate indifference and retaliation when he was denied a lower bunk in September 2012 and November 2016, to the retaliatory loss of his job in November 2016, to various state tort claims.  See generally ECF No. 12 at 2-24.

1  Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original).  Any

2  amended complaint should observe the following:

3      An amended complaint must identify as a defendant only persons who personally

4  participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson

5  v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

6  constitutional right if he does an act, participates in another's act or omits to perform an act he is

7  legally required to do that causes the alleged deprivation).

8      An amended complaint must also contain a caption including the names of all

9  defendants.  Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging

10  new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

11      Any amended complaint must be written or typed so that it is complete in itself without

12  reference to any earlier filed complaint.  See L.R. 220 (E.D. Cal. 2009).  This is because an

13  amended complaint supersedes any earlier filed complaint, and once an amended complaint is

14  filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375

15  F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being

16  treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693

17  F.3d 896 (2012).

18      Accordingly, IT IS HEREBY ORDERED that:

19      1.  Within thirty days of the date of this order, plaintiff may file a Second Amended

20  Complaint that complies with the Federal Rules of Civil Procedure, the Local Rules and the

21  directives within this order.

22      Plaintiff is warned that failure to file an amended complaint within this period and/or

23  failure to file an amended complaint that complies with federal rules and guidelines may result in

24  a recommendation that this action be dismissed for failure to state a claim and/or failure to follow

25  a court order.  See 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 41(b); L.R. 110 (E.D. Cal. 2009),

26  and

27      2.  The Clerk of Court is directed to send plaintiff a copy of this court's Civil Rights

28  Complaint By A Prisoner form.

4

1    Plaintiff is warned that failure to fill out and return <u>all</u> pages of the civil rights complaint

2    form may result in a recommendation that this action be dismissed for failure to follow a court

3    order.  <u>See</u> Fed. R. Civ. P. 41(b); L.R. 110 (E.D. Cal. 2009).

4    DATED: January 24, 2020

5                                                                _____

         ALLISON CLAIRE

6        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28