UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN,<br><br>Plaintiff,<br><br>v.<br><br>D. BLACKWELL, et al.,<br><br>Defendants. | No. 2:17-cv-02692-DAD-AC (PC)<br><br>ORDER ADOPTING DEFENDANTS' MOTION TO DISMISS AND DIRECTING PLAINTIFF TO PAY THE FILING FEE OR FILE A NEW IFP APPLICATION<br><br>(Doc. Nos. 31, 37) |

Plaintiff, a former state prison inmate proceeding without an attorney, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 21, 2025, the magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(A) (Doc. No. 31) be denied. (Doc. No. 37.) Specifically, the magistrate judge concluded that plaintiff made a false allegation of poverty in his application to proceed *in forma pauperis* (IFP) in this action when he failed to disclose $1,200 in income earned from a settlement during the prior twelve months, defendants had failed to establish that plaintiff had made false allegations concerning his assets in that application and that there was insufficient evidence to support a finding that plaintiff had acted in bad faith in failing to disclose the $1,200 in income in his application. (*Id.* at 5–10.) Therefore, instead of recommending the dismissal of this action as

1

1    sought be defendants, the magistrate judge recommended imposition of a lesser sanction for
2    plaintiff's failure to disclose the $1,200 settlement received by him 11 months before his IFP
3    application was filed – that he be ordered to pay the $405 filing fee in connection with this action
4    or file a new IFP application providing a complete picture of his current financial situation and
5    providing defendants the opportunity to respond to any future IFP applications filed by plaintiff in
6    this case.  (*Id.* at 10–11.)

7    The pending findings and recommendations were served on the parties and contained
8    notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at
9    11.)  On February 4, 2025, defendants filed objection to the findings and recommendations.
10   (Doc. No. 38.)  On February 10, 2025, plaintiff filed his response to defendants' objections.
11   (Doc. No. 39.)

12   In their objections defendants strenuously argue that the magistrate judge erred in finding
13   insufficient evidence of bad faith in plaintiff's submission of his IFP application in this case and
14   that their motion to dismiss should be granted.  (Doc. No. 38 at 1–10.)  They advance this
15   argument in large part on a somewhat convoluted set of facts pulled selectively from various
16   cases brought by plaintiff and decisions by different judges of this court over the past 5 plus years
17   in those cases.  (*Id.*)  In his largely unhelpful response to defendants' objections plaintiff, at least
18   by inference through the various cases he cites, does establish that he is a quite active litigant
19   against CDCR in this court and the defendants in those cases have chosen to routinely move to
20   revoke his IFP status and to dismiss his complaints as frivolous and/or malicious in recent years.
21   (Doc. No. 39.)  Here, as to the IFP application filed by plaintiff in this case, the magistrate judge
22   has conducted a painstaking analysis of the facts and the applicable legal standards and reached
23   an appropriate and well supported recommendation that defendants' motion to dismiss be denied
24   and that an alternative sanction be imposed in light of the lack of evidence of plaintiff's bad faith
25   in this case.

26   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
27   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
28   /////

2

including defendants' objections and plaintiff's response thereto, the court finds the findings and recommendations to be supported by the record and by proper analysis.

        Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (Doc No. 37) are ADOPTED in full;

2. Defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2) (Doc. No. 31) is DENIED;

3. Plaintiff is ordered to pay the $405.00 filing fee in full in connection with this action or file a new application to proceed *in forma pauperis* within 30 days. If plaintiff files a new application to proceed *in forma pauperis*, defendants shall have 30 days to respond to that application; and

4. This case is referred back to the magistrate judge for further proceedings consistent with this order.

        IT IS SO ORDERED.

Dated: **February 20, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3